629 A.2d 290

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**139 HORSESHOE CORP. t/a York Road Tavern.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided July 23, 1993.

Petition for Allowance of Appeal Denied Dec. 14, 1993.

284

Thomas M. Ballaron, Asst. Counsel, for appellant.

William L. Goldman, Jr., for appellee.

Before COLINS and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau), appeals from the order of the Court of Common Pleas of Bucks County which reversed the order of the Pennsylvania Liquor Control Board (Board) affirming the adjudication of the Office of the Administrative Law Judge

(OALJ) imposing a $1,000 fine on 139 Horseshoe Corporation, t/a York Road Tavern (Licensee), for an alleged violation of Section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–493(1). The issues raised for review are whether the trial court exceeded its permissible scope of review of Liquor Code enforcement actions; and whether the OALJ properly admitted certain documents and testimony as exceptions to the rule against hearsay.

# I

On January 24, 1989, the Bureau charged Licensee with an April 28, 1988 violation of the Liquor Code for allegedly serving an underage patron. At a June 1989 hearing before the OALJ, the Bureau was granted a continuance because a witness failed to appear. At the September 27, 1989 continued hearing, the Bureau represented to the OALJ that, although subpoenaed, the same witness had again failed to appear. The absent witness was an individual who was allegedly cited by the Bureau for underage drinking in Licensee's establishment. The Bureau nevertheless decided to proceed with the hearing.

The Bureau offered the testimony of Bureau enforcement officer James P. Farano who testified that on April 28, 1988 he conducted an inspection of Licensee's establishment to determine whether there were underage patrons present. Farano observed a youthful-appearing patron to be in possession of what he believed to be a glass of draft beer. He did not observe the patron order, pay for, or be served the beer. Farano testified that the patron stated to him that she was twenty years old, which he verified by transmitting her identification information through the state police computer system. Another officer at the scene filled out a "patron questionnaire" which the patron signed. Farano stated that the purpose of the patron questionnaire was to obtain information concerning the Licensee, rather than the patron, and that he issued the patron a citation for underage drinking on the basis of his personal observations and not upon the information furnished by the patron. Farano further testified that the patron was

arrested and charged for underage drinking and that she later pled guilty to the violation and paid a fine.

The OALJ admitted the officer's testimony and the patron questionnaire into evidence, despite Licensee's hearsay objection, because the patron's statements fell within the declaration against interest exception to the hearsay rule. The OALJ further admitted an affidavit of a district justice, which accompanied documents maintained in the district justice's file, purportedly certifying that the documents were true and correct copies of the originals. These documents indicated that the patron pled guilty to a charge of underage drinking, and attached to the district justice's affidavit was a copy of the citation issued. Over Licensee's hearsay objections, the OALJ admitted the documents as properly verified official records. The OALJ thus concluded that Licensee furnished alcoholic beverages to an underage patron and imposed the fine. The Board affirmed the OALJ.

■ On appeal, the trial court reversed the Board. It had come to light before the OALJ that the patron had appeared and was outside of the courtroom during the September 1989 hearing, a fact which the Bureau did not discover until after the hearing. The trial court held that because the legal representative for the Bureau did not locate the patron until after the hearing despite a responsibility to locate the subpoenaed witness prior to the hearing and produce her subject to cross-examination, she was thus "available." The trial court held that it was therefore an error of law for the OALJ to have accepted her hearsay statements as substantive evidence in the case. The trial court noted that in any event, a statement against interest is inadmissible as an attempt to inculpate a third party. Furthermore, the trial court held that it was error to accept the statement from the district justice into the record as it did not comply with the requirements of Section 6103(a) of the Judicial Code, 42 Pa.C.S. § 6103(a), regarding official records used as evidence. The trial court concluded that there was no competent evidence to support the OALJ's order and it reversed the Board and further

ordered that the previously paid fine be refunded to Licensee. The Bureau appealed to this Court.[1]

## II

The Bureau first argues that the trial court exceeded the scope of its review by conducting a de novo review of the record established before the OALJ and by making its own findings of fact. Under the former version of Section 471 of the Liquor Code, 47 P.S. § 4–471, the trial court was to conduct a de novo review and had statutory discretion to make findings and conclusions and to alter, change, or modify the penalty imposed by the Board. *See Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988). Section 471, however, was reenacted and amended in 1987 to provide that the trial court's review of Liquor Code enforcement actions is limited to determining whether the OALJ's findings are supported by substantial evidence, whether an error of law was committed, and whether the OALJ abused his or her discretion. *Appeal of Iggy, Inc.,* 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991).

■ Upon review of the trial court's opinion, this Court finds no indication that the trial court conducted a de novo review of the record or that it otherwise exceeded its scope of review. The trial court did not take any new evidence, consider matters not of record, nor make independent factual findings. It is clear that the trial court instead concluded that the evidence admitted by the OALJ was as a matter of law inadmissible because the witness was available to testify at the hearing. The trial court thus held that because the evidence upon which the OALJ relied was inadmissible, there remained no competent evidence to support the OALJ's order.

1. This Court's scope of review of the trial court's decision in a Liquor Code enforcement action is limited to determining whether the order of the Board was supported by sufficient evidence and whether the trial court abused its discretion or committed an error of law. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Mallios,* 137 Pa.Commonwealth Ct. 182, 585 A.2d 590 (1991).

The courts of this Commonwealth have long adhered to the strong policy that the use of hearsay evidence is to be discouraged. *Heddings v. Steele,* 514 Pa. 569, 526 A.2d 349 (1987). Among the policy concerns expressed in *Heddings,* a civil proceeding, are that hearsay statements lack guarantees of trustworthiness and cannot be tested by cross-examination and the declarant is not under oath when the hearsay statements are made, concerns which are manifested in the confrontation clauses of the federal and state constitutions. Due process principles require that a party be afforded a reasonable opportunity to challenge, through confrontation and cross-examination, the reliability of adverse evidence. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Nevertheless, "[t]o insure a party the guarantees of trustworthiness resulting from a declarant's presence in court, a proponent of hearsay evidence must point to a reliable hearsay exception before such testimony will be admitted." *Heddings,* 514 Pa. at 574, 526 A.2d at 352. Under the law of this Commonwealth, a declaration against interest may be admissible as a hearsay exception. *Id.*

In order to qualify as a declaration against interest, the party seeking to have the testimony admitted must show that the statement was against the declarant's penal interests at the time the statement was made, and the declarant must be unavailable at the time of trial. *Movie Distributors Liquidating Trust v. Reliance Ins. Co.,* 407 Pa.Superior Ct. 588, 595 A.2d 1302 (1991), *appeal denied,* 529 Pa. 658, 604 A.2d 249 (1992). A witness is not unavailable for purposes of the foregoing exception unless the prosecutorial authorities have made a good faith effort to obtain the witness' presence at trial: hence, a declarant's inability to give live testimony must, in no way, be the fault of the state. *Commonwealth v. Stasko,* 471 Pa. 373, 370 A.2d 350 (1977). Furthermore, a witness may be declared unavailable if a party cannot locate the witness within the jurisdiction. *Corl v. Kacmar,* 391 Pa.Superior Ct. 376, 571 A.2d 417 (1990).

■ In *Corl,* a witness was not shown to be unavailable to testify where the attorney began to search for the witness three days before the trial, did not attempt to obtain a subpoena or bench warrant, and simply made a few telephone calls. Although the Bureau in the present matter subpoenaed the patron, this Court agrees with the conclusion of the trial court that the witness was available at the time, place, and date of the hearing and that it was the Bureau's responsibility to locate her and produce her at the hearing. Because the Bureau has not shown that the witness was unavailable at the time of the hearing, her out-of-court statements do not qualify as declarations against interest to constitute an exception to the hearsay rules of evidence and are thus inadmissible.

■ Furthermore, although a statement against penal interest to someone of authority bears some indication of reliability, *Commonwealth v. Moss,* 518 Pa. 337, 543 A.2d 514 (1988),[2] such mere indication of reliability is insufficient to override the due process concerns expressed in *Heddings* and in *L.W.B. v. Sosnowski,* 117 Pa.Commonwealth Ct. 120, 127, 543 A.2d 1241, 1244 (1988), where this Court observed that the "high threshold of admissibility for hearsay in administrative proceedings has served this court well and . . . has not proved

2. The OALJ relied on *Moss* for the proposition that inculpatory statements are admissible in evidence in the absence of a showing of corrupting influence. A review of *Moss,* in which the issue was the validity of an arrest warrant, does not support the conclusion of admissibility of inculpatory hearsay. To the extent that *Moss* may appear to stand for this proposition, this Court nevertheless declines to adopt such an interpretation in light of the prohibition against admissibility of a third party's declaration against penal interest which inculpates the party being charged. *Commonwealth v. Colon,* 461 Pa. 577, 337 A.2d 554 (1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976). Although *Colon* involved a criminal proceeding, this Court believes that its principles are equally applicable to administrative proceedings when one considers that "[t]he Hearsay Rule is not a technical rule of evidence but a basic, vital and fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issue are sought to be placed upon the record." *Bleilevens v. Pennsylvania State Civil Service Comm'n,* 11 Pa.Commonwealth Ct. 1, 5, 312 A.2d 109, 111 (1973). The fact that violation of Section 493(1) of the Liquor Code may impose criminal liability as well is also noteworthy in this context. *See Commonwealth v. Tau Kappa Epsilon,* 530 Pa. 416, 609 A.2d 791 (1992).

unduly burdensome to administrative agencies." Therefore, the statements made by the patron to Farano and the patron questionnaire filled out by the other officer at the scene remain inadmissible hearsay not subject to any hearsay exception.[3]

The Bureau next argues that the certified documents from the district justice containing his signature and seal are official records under 42 Pa.C.S. § 6103, and are therefore admissible as an exception to the hearsay rule. Section 6103 states, inter alia, that an official record kept within this Commonwealth by any district justice "when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record." The OALJ's reliance upon Section 6103 was misplaced, however. Section 6103 merely provides that such records may be introduced without the necessity of having a records custodian appear in court to authenticate the original documents. The phrase "when admissible for any purpose" in Section 6103 indicates that this section cannot be used to introduce otherwise inadmissible evidence. Thus, before Section 6103 can be applied, there must be a determination regarding admissibility of the evidence.

Absent the patron's testimony, her citation and the documents indicating her plea of guilty were admissible, if at all, only for the limited purpose of establishing that a guilty plea was entered.[4] The trial court's conclusion that the dis-

---

**3.** Furthermore, the questionnaire by itself would not be sufficient to establish a violation by Licensee. It indicated, inter alia, that the patron was not observed purchasing or being served alcohol; and that the patron's drinks were ordered, served, and paid for by "a friend."

**4.** In addition, Appellant's reliance upon *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa.Commonwealth Ct. 274, 580 A.2d 909 (1990), is erroneous. In *Emery*, this Court upheld the introduction into evidence of a letter signed by a district justice stating that he had found the licensee not guilty of the underlying offense. The trial court admitted the letter over DOT's hearsay objection, holding that the signed and sealed correspondence met the fundamental criteria of Section 6103. That case is distinguishable from the matter sub judice, however, because of the exculpatory nature of the evidence, a situation not present here.

trict justice's affidavit and the attached records were inadmissible because they were inculpatory hearsay is therefore without error and this Court shall not disturb the trial court's holding. Without testimony from the patron, the admissible evidence is insufficient to establish any violation of the Liquor Code by Licensee. Accordingly, the trial court's order is affirmed.

## ORDER

AND NOW, this 23rd day of July, 1993, the order of the Court of Common Pleas of Bucks County is affirmed.