**Wayne Anthony HOOVER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 1998.

Decided Feb. 22, 1999.

---

William A. Kuhar, Jr., and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Martin W. Sheerer, Pittsburgh, for appellee.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

KELLEY, Judge.[1]

The Pennsylvania Department of Transportation (DOT) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) sustaining Wayne Anthony Hoover's statutory appeal from a six-month suspension of his driving privileges imposed by DOT pursuant to section 1532(c) of the Vehicle Code.[2] We affirm.

The facts of this case may be summarized as follows. By notice dated December 15, 1994, DOT notified Hoover that his operating privileges were suspended for six months under section 1532(c) of the Vehicle Code. The suspension was based on his November 10, 1994 conviction in the Court of Common Pleas of Perry County for possessing marijuana in violation of section 13(a)(31) of the Controlled Substance, Drug, Device and Cosmetic Act.[3] On January 17, 1995, Hoover filed a timely statutory appeal of the suspension in the trial court. On May 12, 1995, after a hearing in the matter, the trial court issued an order dismissing Hoover's appeal.

On June 9, 1995, Hoover filed a timely appeal of the trial court's order to this court. Following the filing of that appeal, it was discovered that the entire trial court record

---

**1.** An order and opinion disposing of this appeal were originally filed on September 2, 1998. However, by order of court dated November 5, 1998 DOT's motion for reconsideration of the order and opinion was granted and they were withdrawn.

**2.** 75 Pa.C.S. § 1532(c). Section 1532(c) provides, in pertinent part:

 c) **Suspension.**—The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any con-

trolled substance under the laws of the United States, this Commonwealth or any other state.
 (1) The period of suspension shall be as follows:
 (i) For the first offense, a period of six months from the date of the suspension.
 \* \* \*
 (2) For the purposes of this subsection, the term **"conviction"** shall include any conviction or adjudication of delinquency for any of the offenses listed in paragraph (1), whether in this Commonwealth or any other Federal or state court.

**3.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(31).

of Hoover's statutory appeal was irretrievably misplaced. As a result, on February 5, 1997, this court entered an order directing counsel to file an agreed statement of the record pursuant to Pa.R.A.P. 1924 within thirty days, or the matter would be remanded to the trial court. On March 19, 1997, this court issued another order remanding the matter to the trial court for a new hearing because the parties did not comply with the prior order of February 5.

On June 30, 1997, a new hearing was conducted before the trial court. N.T.,[4] pp. 2–15. At the hearing, counsel for Hoover argued, *inter alia,* that the suspension could not be upheld as DOT had not produced a certified copy of the record from the Court of Common Pleas of Perry County which established that Hoover had been convicted for the drug offense in that court. N.T., pp. 6, 8, 9. In support of the suspension, DOT offered into evidence a photostatic copy of a report of Hoover's conviction submitted to DOT by the clerk of the Court of Common Pleas of Perry County.[5] N.T., pp. 8–9. At the conclusion of the hearing, on June 30, 1997, the trial court issued an order sustaining Hoover's appeal of the suspension. N.T., p. 15.

In the opinion filed in support of its order, the trial court stated, in pertinent part:

> This matter was heard on May 12, 1995, and the appeal was dismissed. [Hoover] appealed that decision to the Commonwealth Court of Pennsylvania. Following the filing of that appeal it was discovered that the entire trial court record in this

matter was irretrievably misplaced. Because of this, the Commonwealth Court ultimately remanded the matter back to the trial court for a second disposition. It is this remand which we instantly address.

> At that time, [DOT] was unable to produce a copy of the recited conviction which was certified by the county in which the guilty plea was entered. We concluded also that the effect of the lost trial court record should not devolve upon [Hoover] in a prejudicial manner when that record was lost by the filing agency into who[se] oversight it was entrusted. After a period of several years had passed [Hoover] had every reason to believe that his prosecution was complete.

> This troublesome set of circumstances including, most significantly, the Commonwealth's failure to proffer the documents necessary to proceed with it[s] prosecution of the case, compelled us to rule in favor of [Hoover]. Accordingly, we sustained his appeal to [this court] by our order dated June 30, 1997.

Trial Court Opinion, pp. 2–3. On July 10, 1997, DOT filed the instant appeal of the trial court's order.

■ In this appeal, DOT claims:[6] (1) the trial court erred in sustaining Hoover's appeal of the suspension imposed under section 1532(c) of the Vehicle Code because the photostatic copy of the report submitted by the clerk of the Court of Common Pleas of Perry County satisfied its burden of proving Hoover's conviction of section 13(a)(31) of the

---

4. "N.T." refers to the transcript of the statutory appeal conducted before the trial court on June 30, 1997.

5. In the report, the clerk of the Court of Common Pleas of Perry County certified that on November 10, 1994, Hoover was convicted of "Possession Small Amount Marijuana". The clerk was required to forward a record of Hoover's conviction to DOT pursuant to section 6323 of the Vehicle Code which provides, in pertinent part:

> Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursuant to Title 42 (relating to judiciary and judicial procedure):
> (1) The clerk of any court of this Commonwealth, within ten days after final judgment

of conviction or acquittal or other disposition of charges under any of the provisions of this title or under section 13 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act ... shall send to the department a record of the judgment of conviction, acquittal or other disposition.

75 Pa.C.S. § 6323(1).

6. Our scope of review of the trial court's decision to sustain Hoover's appeal of his license suspension is limited to determining whether the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Boucher,* 547 Pa. 440, 691 A.2d 450 (1997)

Controlled Substance, Drug, Device and Cosmetic Act; and (2) the trial court erred in sustaining Hoover's appeal of the suspension on the grounds that the certified record of his initial statutory appeal was lost by the Allegheny County Prothonotary's Office.

DOT first claims that the trial court erred in sustaining Hoover's appeal of the suspension imposed under section 1532(c) of the Vehicle Code because the photostatic copy of the report submitted by the clerk of the Court of Common Pleas of Perry County satisfied its burden of proving Hoover's conviction of section 13(a)(31) of the Controlled Substance, Drug, Device and Cosmetic Act. In particular, DOT argues that because the clerk of the Court of Common Pleas of Perry County was required to report Hoover's drug conviction to DOT pursuant to section 6323

of the Vehicle Code, and because DOT is required to maintain the report pursuant to section 6325 of the Vehicle Code,[7] the clerk's report constitutes an official record *of DOT.*[8] Because the clerk's report is an official record of DOT, DOT argues that the clerk's report was properly authenticated, under section 6103(a) of the Judicial Code,[9] by the certifications of the Secretary of Transportation and the Director of DOT's Bureau of Driver Licensing. Because the clerk's report was properly authenticated under section 6103(a), DOT argues that it could be reproduced pursuant to section 6109(b) of the Judicial Code,[10] and it was admissible hearsay evidence of Hoover's conviction in the Court of Common Pleas of Perry County pursuant to section 6104 of the Judicial Code.[11] As a

---

7. Section 6325 of the Vehicle Code provides:

> The department shall file all reports and records received under the provisions of this subchapter and shall maintain suitable records or facsimiles of the records.

75 Pa.C.S. § 6325.

8. DOT also relies on section 1516(b) of the Vehicle Code to support its claim that the clerk's report is an official record of DOT. Section 1516(b) states:

> **(b) Accidents and convictions.**—The department shall file all accident reports and abstracts of court records of convictions received by it under the laws of this Commonwealth and maintain actual or facsimile records or make suitable notations in order that the records of each licensee showing convictions of the licensee, any departmental action initiated against the licensee regarding a reportable accident in which the licensee was involved, and the traffic accidents shall be available for official use. These records shall also be made available to the courts for sentencing purposes.

75 Pa.C.S. § 1516(b).

9. 42 Pa.C.S. § 6103(a). Section 6103(a) of the Judicial Code provides:

> **(a) General rule.**—An official record kept within this Commonwealth by any court, district justice or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. *The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office....*

(Emphasis added.)

10. Section 6109(b) of the Judicial Code provides, in pertinent part:

> **(b) General rule.**—If any ... department or agency of government, in the regular course of business or activity, has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence or event, and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed, in the regular course of business, unless its preservation is required by law ... Such reproduction, when *satisfactorily identified, is as admissible* in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not....

42 Pa.C.S. § 6109(b).

11. Section 6104 of the Judicial Code provides:

> **(a) General Rule.**—A copy of a record of governmental action or inaction authenticated as provided in section 6103 (relating to proof of official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted.
>
> **(b) Existence of facts.**—A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

42 Pa.C.S. § 6104.

result, DOT submits that the trial court erred in determining that it had failed to meet its burden of proof in Hoover's statutory appeal of the suspension imposed under section 1532(c) of the Vehicle Code.

However, DOT's foregoing argument is based on the erroneous premise that the certified record of Hoover's drug conviction in the Court of Common Pleas of Perry County, which is necessary to sustain its imposition of the instant suspension, is an official record of DOT. As an *en banc* panel of this court recently stated:

> [Title] 42 Pa.C.S. § 6103 provides the method for introducing official records into evidence without the necessity of having a records custodian appear in court to authenticate the documents. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. 139 Horseshoe Corp.,* [157 Pa.Cmwlth. 283] 629 A.2d 290 (Pa. Cmwlth.), *appeal denied,* 536 Pa. 635, 637 A.2d 294 (1993). One of the requirements of section 6103 is that a certificate be made by any public officer "having official duties with respect to the government unit in which the record is *kept.*" 42 Pa.C.S. § 6103 (emphasis added). "Kept" is appropriately construed to mean the government unit which prepares the record ... To allow DOT to certify a record received from any outside source as *its own official record* circumvents the hearsay rule. Thus, we decline to accept DOT's argument that, because the report was sent to DOT, which then keeps the report, DOT can certify it pursuant to section 6103.
>
> Importantly, we note that the Vehicle Code also requires insurance companies and physicians to send certain documents to DOT. *See* [,] *e.g.,* 75 Pa.C.S. § 1786(e)(3) (requiring an insurer who has issued a motor vehicle insurance policy to notify DOT if the insurance is cancelled or terminated); 75 Pa.C.S. § 1518 (requiring medical personnel to report to DOT regarding any individual over 15 who is diagnosed as having any specified disorder). However, unlike police department records sent to DOT, the Vehicle Code specifically provides for the admission into evidence of medical documents and insurance company

documents sent to DOT for the purpose of proving the facts contained in the documents. *See* 75 Pa.C.S. § 1377 (stating that documents received from insurance companies shall be admissible to support DOT's case); 75 Pa.C.S. § 1519 (stating that certain medical documents may be used as evidence to establish incompetency in proceedings to recall one's operating privilege); *Ploof v. Commonwealth,* [139 Pa. Cmwlth. 235] 590 A.2d 1318 (Pa.Cmwlth. 1991), (holding that a doctor's letter was admissible under 75 Pa.C.S. § 1519(b) as evidence in an incompetency proceeding), *appeal denied,* 530 Pa. 634, 606 A.2d 903 (1992); *see also* 75 Pa.C.S. § 1550(d) (providing for admission into evidence of documents received from the courts or administrative bodies of other states or the federal government). We cannot overlook the fact that there is no similar provision providing for the admission into evidence of police reports sent to DOT. Indeed, where certain items are specifically designated in a statute, all omissions should be understood as exclusions. 1 Pa.C.S. § 1921; *Latella v. Unemployment Compensation Board of Review,* [74 Pa.Cmwlth. 14] 459 A.2d 464 (Pa.Cmwlth.1983).

*Jennings v. Department of Transportation,* 715 A.2d 552, 555–556 n. 7 (Pa.Cmwlth.1998).

As noted above in *Jennings,* section 1550(d) of the Vehicle Code provides for the admission into evidence of documents received by DOT from the courts or administrative bodies of other states or the federal government. In particular, section 1550(d) states, in pertinent part:

> **(d) Out–of–State documentation.**—In any proceeding under this section, documents received by the department from the courts or administrative bodies of other states or the Federal Government shall be admissible into evidence to support the department's case. In addition, *the department may treat the received documents as documents of the department and use any of the methods of storage permitted under the provisions of 42 Pa. C.S. § 6109 (relating to photographic copies of business and public records), and may reproduce such documents in*

*accordance with the provisions of 42 Pa. C.S. § 6103 (relating to proof of official records).*

42 Pa.C.S. § 1550(d) (emphasis added). *See also Mackall v. Department of Transportation,* 680 A.2d 31, 34 (Pa.Cmwlth.1996) ("[T]he legislature amended Section 1550 of the [Vehicle] Code by adding subsection (d). In doing so the General Assembly lessened [DOT]'s burden. Pursuant to Section 1550(d) of the [Vehicle] Code, [DOT] ... may now treat the documents received from a participating state as documents of [DOT]. These documents may then be reproduced, and under seal of [DOT], submitted to an adjudicatory body to support [DOT]'s case.").[12]

■ Thus, although the Vehicle Code provides that documents received from out-of-state courts and federal courts are deemed to be those of DOT, there is no provision that documents from the Pennsylvania courts of common pleas are deemed to be those of DOT. Because the Vehicle Code makes this specific provision, and because the documents of the Pennsylvania courts are not included within this provision, this omission should be understood as an exclusion. 1

Pa.C.S. § 1921; *Jennings; Latella.* As a result, the photostatic copy of the report sent to DOT by the clerk of the Court of Common Pleas of Perry County was not admissible in the proceedings before the trial court under the official records exception to the hearsay rule. *Jennings.* The fact that DOT is required to receive and maintain such records under sections 1516 and 6325 of the Vehicle Code is of no moment, and does not transform the documents of the Courts of Common Pleas into those of DOT.

■ In the instant case, the only issues to be addressed by the trial court were whether Hoover was in fact convicted of the drug offense, and whether DOT acted in accordance with the applicable law. *Department of Transportation v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993). Before the trial court, DOT was the party charged with the burden to produce a record of the conviction that supported a suspension of Hoover's license under section 1532(c) of the Vehicle Code. *Id.* By failing to produce admissible evidence of Hoover's drug conviction in Perry County, *i.e.,* a copy of the conviction certified by the authorities in Perry County, we are constrained to conclude that DOT failed

12. DOT also alleges that the foregoing version of section 1550(d) of the Vehicle Code is an incorrect version of that subsection. On June 28, 1993, a bill was signed into law that had been passed by the General Assembly amending section 1550 of the Vehicle Code by adding a subsection (d). *See* Section 3 of the Act of June 28, 1993, P.L. 137. This new subsection (d) generally outlined the admissibility of documentation received by DOT from outside sources. However, on July 2, 1993 and February 10, 1994, two other bills that amended subsection (d) to its present form were signed into law. *See* 75 Pa. C.S. § 1550(d). This version of subsection (d) relates solely and exclusively to out-of-state documentation received by DOT, and its admissibility in proceedings instituted under the Vehicle Code. *Id.* DOT argues that under the initial version of subsection (d), the documents it receives from the Courts of Common Pleas within Pennsylvania become documents of DOT, are admissible in all proceedings, may be reproduced under the provisions of section 6109 of the Judicial Code, and may be certified as a record of DOT under section 6103 of the Judicial Code.

However, as noted above, the initial version of section 1550(d) was subsequently amended on two separate occasions by the General Assembly to relate solely to the admissibility of documenta-

tion received from the courts or administrative bodies of other states or the federal government. *See Mackall,* 680 A.2d at 33 (quoting the present form of section 1550(d) in its entirety). *See also Jennings,* 715 A.2d at 555–556, n. 7 (interpreting the present form of section 1550(d) as providing for the admissibility of documents of the courts or administrative bodies of other states or of the federal government). This is the correct construction of the provisions of subsection (d). *See, e.g., Resident Electors of the Pennsbury School Board v. Pennsbury School Board,* 132 Pa. Cmwlth. 362, 572 A.2d 1303 (1990) (Where the statute providing that three school directors shall be elected at each municipal election conflicted with a later, more specific, statute providing for staggered elections, the latter statute governs); *Young v. Workmen's Compensation Appeal Board (St. Agnes Hospital),* 39 Pa.Cmwlth.265, 395 A.2d 317 (1978) (Statutory provision that specifically controls the admission of physicians' certificate as evidence in workers' compensation proceedings must prevail over a subsequent statute concerning the liberal application of the rules of evidence in general). Thus, as presently enacted, subsection (d) exclusively provides for the admissibility of documents received from the courts or administrative bodies of other states or the federal government, and patently does not apply to the Pennsylvania Courts of Common Pleas.

to sustain its burden of proof in this case. As a result, the trial court did not err in sustaining Hoover's statutory appeal to that court.

Accordingly, the order of the trial court is affirmed.[13]

## ORDER

AND NOW, this 22nd day of February, 1999, the order of the Court of Common Pleas of Allegheny County, dated June 30, 1997, at No. 174 SA 1995, is affirmed.

---

**13.** As noted above, the trial court relied on DOT's failure to sustain its burden of proof and the loss of the certified record as the two bases for sustaining Hoover's statutory appeal. In this appeal, DOT also claims that the trial court erred in determining that the loss of the certified rec- ord in this case should not devolve to the preju- dice of Hoover. However, because we have con- cluded that DOT failed to sustain its burden of proof in the first instance, we need not address the other claim raised by DOT in this appeal.