**Robert M. WILLIAMS, Jr.,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 2002.

Decided Sept. 24, 2002.

Publication Ordered Dec. 12, 2002.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (trial court), sustaining the appeal of Robert M. Williams, Jr. (Licensee) and rescinding the three-month suspension of Licensee's operating privilege imposed by DOT pursuant to Section 1786(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1786(d).[1] For the reasons that follow, we vacate and remand.

The underlying facts of this case are not in dispute. On January 17, 2001, Licensee was involved in a motor vehicle accident in Pleasant Hills Borough, Allegheny County. In the course of investigating the accident, an Officer Hall[2] from the Pleasant Hills Police Department cited Licensee for failing to maintain the required financial responsibility under Section 1786(f) of the Code, 75 Pa.C.S. § 1786(f).[3] Officer Hall proceeded to complete a police accident

1. Section 1786(d) of the Code essentially provides that "[t]he Department of Transportation ... shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility."

2. Officer Hall's full name is not evident in the record.

3. Section 1786(f) of the Code provides as follows:

Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle ... upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. § 1786(f).

report detailing the facts surrounding the accident, the parties involved, Licensee's lack of financial responsibility and the aforementioned citation. Officer Hall thereafter forwarded a copy of the report to DOT.[4]

Thereafter, by official notice dated May 23, 2001, DOT notified Licensee that, as a consequence of his failure to produce proof of financial responsibility at the time of the accident on January 17, 2001, his operating privilege was being suspended for a period of three months. Licensee filed a notice of appeal with the trial court. The trial court conducted a *de novo* hearing on October 4, 2001. At this hearing, DOT introduced into evidence a packet of documents, duly certified and under seal, from the Secretary of Transportation. The packet included a copy of DOT's notice of suspension to Licensee, a copy of the Pleasant Hills Police Department's accident report and a certification statement signed by the Secretary and the Director of the Bureau of Driver Licensing. DOT indicated that it would rest following the admission of these documents.

Nevertheless, Licensee objected to the admission of the accident report. Licensee's objection was based upon the alleged hearsay statements contained therein, i.e., statements concerning Licensee's identity, Licensee's ownership of the vehicle and Licensee's involvement in the accident it-

self. DOT responded to Licensee's objection by citing to Section 1516(b) of the Code, which provides that such accident reports are to be considered "records of [DOT]" and that DOT "may enter into evidence copies of such documents in accordance with the provisions of 42 Pa.C.S. § 6103 (relating to proof of official records)." 75 Pa.C.S. § 1516(b). DOT noted that this Section further provides that the certification of these documents constitutes "prima facie proof of the facts and information" contained therein. *Id.* Licensee did not testify or offer any other evidence.

The trial court took the case under advisement, indicating that it would review Section 1516(b) of the Code. The trial court thereafter issued an order sustaining Licensee's appeal. DOT then filed a notice of appeal with the trial court. The trial court later issued an opinion in support of its order indicating that "DOT's entire case was premised on the admission of the Pleasant Hills Police Accident Report. Without that report DOT had no case. The critical issue therefore is whether that report was admissible as evidence." (Opinion of Trial Court at 2, R.R. at 37a). Ultimately, the trial court held that the report was inadmissible as it was not authenticated by an officer from the Pleasant Hills Police Department.[5]

■ On appeal to this Court,[6] DOT argues that the trial court erred as a matter

---

4. *See* Section 3751(a) of the Code, 75 Pa.C.S. § 3751(a) (police department "shall" forward written accident report to DOT).

5. Regarding Section 1516(b) of the Code, the trial court noted that this Section renders accident reports admissible in accordance with Section 6103 of the Judicial Code, which, in turn, requires certification of a public officer in the government unit in which the document is "kept." Citing *Hoover v. Department of Transportation, Bureau of Driver Licensing,* 725 A.2d 1254, 1258 (Pa.Cmwlth. 1999), *appeal dismissed,* 560 Pa. 555, 746

A.2d 1116 (2000), the trial court noted that we had previously defined "kept" as meaning the "government unit which prepares the record." Hence, the trial court held that "kept" in this case refers to the Pleasant Hills Police Department, as it prepared the report.

6. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

of law in holding that the accident report was inadmissible. More specifically, DOT argues that amendments to Section 1516(b) of the Code render such reports prima facie proof of the facts and information contained therein.[7] We agree.

As noted above, Section 1786(d) of the Code provides that DOT "shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter."[8] Moreover, in order to sustain a suspension of a licensee's operating privilege pursuant to a violation of Section 1786(d) of the Vehicle Code, DOT must prove that the vehicle operated by a licensee was required to be registered in the Commonwealth, financial responsibility was not maintained for the vehicle, and licensee operated the vehicle while it was not covered by financial responsibility. *See Smith v. Department of Transportation, Bureau of Driver Licensing*, 747 A.2d 1247 (Pa.Cmwlth.2000). Once DOT has established its prima facie case, the burden shifts to the licensee who must prove that he/she met one of the exceptions contained in subsections 1786(d)(1), (2) or (g).[9] *See*

*Department of Transportation, Bureau of Driver Licensing v. Porter*, 157 Pa. Cmwlth. 645, 630 A.2d 945 (1993).

We agree with DOT that the trial court's reliance on *Hoover* was misplaced. Following our definition of "kept" in *Hoover*, we explained that, unlike other sections of the Code which specifically provide for the admission of certain documents received by DOT into evidence for the purpose of proving the facts contained therein,[10] the Code contained no such provision relating to accident reports. However, the amendments to Section 1516(b) of the Code do provide such provisions.[11] Specifically, the amended Section 1516(b) provides, in pertinent part, as follows:

> Court abstracts and certifications of conviction and accident reports submitted to [DOT] under the laws of this Commonwealth shall be considered as records of [DOT] and [DOT] may store such documents in accordance with the provisions of 42 Pa.C.S. § 6109 (relating to photographic copies of business and public records) and may enter into evidence copies of such documents in accordance with the provisions of 42 Pa.C.S. § 6103

7. In this regard, DOT argues that any reliance by the trial court on *Hoover* is misplaced.

8. Section 1786(a) of the Code, 75 Pa.C.S. § 1786(a), provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility."

9. Such exceptions include where there was a lapse of financial responsibility coverage for a period of less than thirty-one days, where the licensee was a member of the United States armed services and had been on duty and/or where the licensee produced proof of such coverage to the issuing authority within five days of the date of violation.

10. *See, e.g.,* Section 1377(b) of the Code, 75 Pa.C.S. § 1377(b), which provides that documents received by DOT from an insurance

company "shall be admissible into evidence to support [DOT's] case" and Section 1519 of the Code, 75 Pa.C.S. § 1519, which essentially provides that certain medical reports/documents submitted to DOT "shall be admitted" in proceedings regarding determinations of incompetency.

11. Our Court in *Hoover* did not address the amendments to Section 1516(b) of the Code, as those amendments were not effective until December 21, 1998, approximately four years after *Hoover's* conviction for possession of marijuana which led to a notice from DOT that his operating privileges were being suspended. In other words, Hoover's 1994 conviction and his subsequent suspension and appeal predated the amendments to Section 1516(b).

(relating to proof of official records). Such copies shall be admissible into evidence to support [DOT's] case in an appeal of a department action taken under Chapter 13 (relating to registration of vehicles), 15 (relating to licensing of drivers), 16 (relating to commercial drivers) or 17 (relating to financial responsibility) of this title, and the certification shall constitute prima facie proof of the facts and information contained in the court abstract or certification of conviction or accident report.

75 Pa.C.S. § 1516(b).

As this Section makes clear, the accident report in this case forwarded to DOT constitutes a record of DOT which may be entered into evidence. Additionally, as this case involved an appeal relating to the issue of financial responsibility under the Code, this report was admissible to support DOT's case. Moreover, the report in this case was included in a packet of documents, duly certified and under seal, from the Secretary of Transportation. As such, the report constituted prima facie proof of the facts and information contained therein. Hence, the report was sufficient to satisfy DOT's initial burden of proof and to shift the burden to Licensee. The trial court erred as a matter of law in holding that the report was inadmissible.

Accordingly, the order of the trial court is vacated and the case is remanded to the trial court. On remand, the trial court is directed to consider the aforementioned accident report and make any additional findings it deems necessary.

### *ORDER*

AND NOW, this 24th day of September, 2002, the order of the Court of Common Pleas of Allegheny County (trial court) is hereby vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.