# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Holt,                                    :
                  Appellant        :
                               :
         v.                               :   No. 2232 C.D. 2015
                               :   Submitted: February 24, 2017
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing                       :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: June 13, 2017**

In this appeal, Richard Holt (Licensee) asks whether the Court of Common Pleas of Philadelphia County (trial court) erred in dismissing his appeal from the six-month suspension of his operating privileges imposed by the Pennsylvania Department of Transportation (PennDOT) pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c).[1] Licensee argues the trial court erred in dismissing his appeal where PennDOT did not present a certified record of his criminal conviction, but rather it presented a recreated document based on information it purportedly received from the Philadelphia Clerk of Courts (Clerk of Courts). Upon review, we affirm.

---

[1] Section 1532(c) of the Vehicle Code states, in pertinent part: "[PennDOT] shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state …." 75 Pa. C.S. §1532(c).

## I. Background

In February 2015, the Clerk of Courts electronically transmitted a "Report of a Court Showing the Conviction of Certain Violations of the Controlled Substance, Drug, Device and Cosmetic Act [(Drug Act)[2]]" (Conviction Report) to PennDOT, which indicated that Licensee was convicted of violating Section 13(a)(16) of the Drug Act, 35 P.S. §780-113(a)(16). Shortly thereafter, PennDOT sent Licensee a notice of suspension, which indicated Licensee's driving privilege would be suspended for six months pursuant to Section 1532(c) of the Vehicle Code. Licensee appealed to the trial court.

The trial court held a *de novo* hearing. At the hearing, PennDOT offered into evidence a packet of documents, marked as Exhibit C-1. The packet of documents was certified and under seal from the Acting Secretary of Transportation and the Director of the Bureau of Driver Licensing (Director). The packet contained: (1) a copy of PennDOT's notice of suspension to Licensee; (2) a copy of the Conviction Report (DL-21D Form); and (3) Licensee's certified driving history. Reproduced Record (R.R.) at 22a. PennDOT represented to the trial court that the Conviction Report it presented was "sent to [PennDOT] from the Clerk of Courts, outlining the February 13th, 2015 conviction of the [Drug Act] …." Tr. Ct., Slip Op., 9/9/16, at 1. Licensee did not object to the admission of these documents. PennDOT rested after admission of Exhibit C-1.

In response, Licensee initially asserted that Section 1532(c) of the Vehicle Code only applied to felony, rather than misdemeanor, convictions. The

---

[2] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§780-101–780-144.

trial court noted that Section 1532(c) provided for the suspension of the driving privilege of any person upon receipt of a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance.

However, upon review of the Conviction Report, the trial court, on its own motion, questioned whether the Report was actually a certified conviction report as required by Section 1532(c). After some discussion, PennDOT represented to the trial court "... that's how the Clerk of Courts … submits the information[.]" Tr. Ct., Slip Op., at 1. PennDOT cited Sections 1516 and 1550(d) of the Vehicle Code in support of the admissibility of the electronically transmitted Conviction Report as evidence of Licensee's conviction. At that point, Licensee's counsel objected to the admissibility of the Conviction Report on the ground that it was uncertified. Licensee did not testify or present any evidence.

Ultimately, the trial court denied Licensee's appeal. Licensee appealed to this Court.

In a subsequently filed opinion pursuant to Pa. R.A.P. 1925(a), the trial court noted that, in his concise statement of the errors complained of on appeal, Licensee argued the trial court erred in basing its decision on an uncertified document showing Licensee's underlying criminal conviction.

The trial court explained that in license suspension cases, the sole issues are whether the licensee was convicted of a crime, and whether PennDOT

3

acted in accordance with applicable law. <u>Glidden v. Dep't of Transp., Bureau of Driver Licensing</u>, 962 A.2d 9 (Pa. Cmwlth. 2008). PennDOT must establish a *prima facie* case that a record of conviction exists to support a suspension. <u>Id.</u> To satisfy this burden, PennDOT must produce an official record of the conviction. <u>Id.</u>

Here, PennDOT produced what it represented to be Licensee's Conviction Report, the DL-21D Form. The Conviction Report was uncertified and unsealed, but PennDOT represented that it was the Conviction Report electronically transmitted by the Clerk of Courts to PennDOT. PennDOT's argument as to the admissibility of the DL-21D Form was based on Sections 1516 and 1550(d) of the Vehicle Code. However, the trial court stated, PennDOT's reliance on those provisions was misplaced.

To that end, the trial court observed, it was clear that Section 1550(d) of the Vehicle Code provides for the admissibility of electronically transmitted certifications of a driver's conviction, but only if such documents are transmitted to PennDOT by *an out-of-state court*. The trial court explained Section 1550(d) was inapplicable to documents generated by the courts of common pleas in Pennsylvania. <u>See</u> <u>Hoover v. Dep't of Transp., Bureau of Driver Licensing</u>, 725 A.2d 1254 (Pa. Cmwlth. 1999).

Further, the trial court explained, Section 1516(b) of the Vehicle Code states that certifications of conviction reports submitted to PennDOT by the courts shall be considered PennDOT records. The documents, or copies thereof, shall be

4

admissible to support PennDOT's case in an appeal under Chapter 15 (related to licensing of drivers). PennDOT's certification of a copy of the certified conviction report is *prima facie* proof of the facts and information contained in the report. 75 Pa. C.S. §1516(b). Pursuant to Section 1516(b), the trial court stated, PennDOT could offer, as admissible evidence, a copy of a certified conviction report from the Clerk of Courts when that copy is certified by the Secretary of Transportation and the Director. However, the trial court determined, Section 1516(b) does not address the issue presented here where the conviction report was a "recreation" by PennDOT and not a copy of the actual document electronically transmitted to PennDOT by the Clerk of Courts. Tr. Ct., Slip Op., at 3.

Arguably, the trial court explained, the recreated Conviction Report contained information from the actual certified and signed DL-21D Form that was electronically transmitted to PennDOT by the Clerk of Courts, but the trial court lacked additional information concerning the PennDOT generated DL-21D Form. Thus, the trial court stated, the issue was whether the DL-21D Form PennDOT generated, that supposedly contained information from an electronically transmitted, certified and signed DL-21D Form, which was then certified by the Director and the Acting Secretary of Transportation, satisfied PennDOT's burden of producing an admissible, official record of Licensee's conviction to support the suspension.

The trial court explained its review of case law suggested that it may conclude PennDOT did not establish Licensee's conviction based on the Conviction Report PennDOT generated, as it was an unsigned, uncertified

5

document apparently prepared by PennDOT. Further, the Conviction Report offered as evidence of Licensee's conviction was not a copy of the signed, certified report filed with PennDOT by the Clerk of Courts. See 75 Pa. C.S. §1516(b); Rawson v. Dep't of Transp., Bureau of Driver Licensing, 99 A.3d 143 (Pa. Cmwlth. 2014) (discussing statutory requirements for certification of conviction report and reiterating that conviction documents must be certified and authenticated by clerk of courts to be proper evidence of conviction that forms the basis for trial court's decision); Cotter v. Dep't of Transp., Bureau of Driver Licensing, 703 A.2d 1092 (Pa. Cmwlth. 1998) (PennDOT attorney cannot generate and certify public records, such as conviction reports, to establish licensee was actually convicted of purported violation because to allow this would contravene the meaning and purpose of the official record provisions of Section 6103 of the Judicial Code, 42 Pa. C.S. §6103[3]).

The trial court further stated its analysis did not end with the conclusions reached here, as it was apparent that PennDOT's attorney misrepresented to the trial court that the Conviction Report, submitted as part of

---

[3] Section 6103(a) of the Judicial Code ("Proof of official records") states, as relevant:

> **(a) General rule.**--An official record kept within this Commonwealth by any … government unit … when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of that office ….

42 Pa. C.S. §6103(a).

Exhibit C-1, was the actual form submitted by the Clerk of Courts to PennDOT. The trial court stated it should be given an opportunity to address this issue and amend its ruling as it was based on erroneous factual information. Further, the trial court observed, it appeared that PennDOT successfully used recreated DL-21D Forms in appeals of license suspensions based on criminal convictions of an enumerated offense. The trial court stated this issue should also be addressed by the trial court now that it was established that this is the practice PennDOT uses in these appeals.

For these reasons, the trial court stated, this Court should reverse the trial court's order denying Licensee's appeal and remand to afford the trial court an opportunity to address the issues identified here that were discovered after Licensee filed his appeal to this Court.[4]

---

[4] In a footnote, the trial court stated, after the hearing, the trial court contacted the Clerk of Court's office and was informed that the DL-21D Form is electronically transmitted to PennDOT. However, the DL-21D Form electronically transmitted is signed and has the court seal affixed identifying the document as a certified record. The trial court stated the DL-21D Form PennDOT submitted here was not the DL-21D Form submitted by the Clerk of Courts and, in fact, was a completely different DL-21D Form that is not used by the Clerk of Courts. The trial court further explained it was possible that the DL-21D Form submitted to the trial court at the hearing may have been prepared by PennDOT using information from the Clerk of Courts' certified DL-21D Form. However, because PennDOT did not inform the trial court that the DL-21D Form submitted at the hearing was the form apparently prepared by PennDOT using information from the Clerk of Courts' electronically transmitted, certified DL-21D Form, the origin of the DL-21D Form presented to the trial court was unclear. Nevertheless, the trial court stated, it appeared PennDOT created its own DL-21D Form using information from the certified, signed DL-21D Form electronically transmitted by the Clerk of Courts to PennDOT.

Because the trial court obtained this information after the hearing, it is not part of the certified record. As such, we may not consider it. See Commonwealth v. Young, 317 A.2d 258 (Pa. 1974) (appellate court may consider only facts that have been duly certified in the record on appeal). Further, the record contains no support for the trial court's statements that the DL-21D Form PennDOT submitted here was a recreated document rather than the actual DL-21D Form PennDOT received from the Clerk of Courts. Indeed, as discussed more fully below, the

**(Footnote continued on next page…)**

## II. Discussion
### A. Contentions

On appeal,[5] Licensee argues that, in a license suspension appeal, PennDOT has the burden of establishing the licensee was convicted of the purported violation. It must therefore produce an official record of the conviction supporting the suspension. Licensee contends the conviction documents must be certified and authenticated by the Clerk of Courts to constitute proper evidence to satisfy PennDOT's burden. Licensee asserts the document PennDOT provided to the trial court here was insufficient and improper evidence upon which the trial court could base its decision. Licensee maintains the document was an uncertified, recreated record that did not satisfy the requirement of Section 1532(c) of the Vehicle Code.

PennDOT responds that the Clerk of Courts properly reported Licensee's Drug Act conviction to the Bureau of Driver Licensing in accordance with 75 Pa. C.S. §6323 and Pennsylvania Rule of Criminal Procedure 771. PennDOT further argues the record of Licensee's Drug Act conviction is properly maintained by the Bureau of Driver Licensing in accordance with 75 Pa. C.S. §1516(b).

---

**(continued…)**

certification of the DL-21D Form by the Director of the Bureau of Driver Licensing states otherwise. Reproduced Record (R.R.) at 17a.

[5] Our review is limited to determining whether the trial court's findings were supported by substantial evidence, whether the trial court committed any errors of law and whether it abused its discretion. Rawson v. Dep't of Transp., Bureau of Driver Licensing, 99 A.3d 143 (Pa. Cmwlth. 2014).

PennDOT also asserts that the custodian of all driving records in the Commonwealth, Bureau of Driver Licensing Director Kara N. Templeton, properly certified Licensee's Drug Act conviction in accordance with Sections 6103 and 6109 of the Judicial Code, 42 Pa. C.S. §§6103 and 6109, as well as 75 Pa. C.S. §1550(d)(2). PennDOT contends the Conviction Report was admitted without objection. As this report of Licensee's Drug Act conviction satisfied PennDOT's *prima facie* burden of proof, and Licensee offered no evidence to rebut it, PennDOT contends, the trial court did not err in denying Licensee's appeal.

## B. Analysis

Section 1532(c)(1)(i) of the Vehicle Code states: "[PennDOT] shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under" the Drug Act. "The period of suspension shall be … [f]or a first offense, a period of six months from the date of the suspension." Id.

In Rawson, 99 A.3d at 147, 150-51, this Court explained:

> 'In a license suspension case, the only issues are whether the criminal court convicted the licensee, and whether [PennDOT] acted in accordance with applicable law.' [Glidden, 962 A.2d at 12]. [PennDOT] bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension.
>
> [PennDOT] 'meets its burden by submitting into evidence its certified record of conviction demonstrating' the offense underlying the conviction. Gayman v. Dep't of Transp., Bureau of Driver Licensing, 65 A.3d 1041, 1044 (Pa. Cmwlth. 2013). 'Upon this showing, the

burden of proof then shifts to the licensee to present 'clear and convincing evidence'[6] to rebut the presumption of correctness raised by [PennDOT's] certified records.' Id. (quoting Carter v. Dep't of Transp., Bureau of Driver Licensing, 838 A.2d 869, 872 (Pa. Cmwlth. 2003)).

"Absent clear and convincing evidence that the record is erroneous, the presumption becomes conclusive on the issue of the conviction." Dep't of Transp., Bureau of Driver Licensing v. Diamond, 616 A.2d 1105, 1107-08 (Pa. Cmwlth. 1992). "To rebut a [*prima facie*] case established by a certified conviction record, the licensee must either challenge the regularity of the record, or introduce direct evidence showing that the record is incorrect and that the conviction was never entered." Dick v. Dep't of Transp., Bureau of Driver Licensing, 3 A.3d 703, 707 (Pa. Cmwlth. 2010).

Further, Section 1516(b) of the Vehicle Code ("[PennDOT] records") states (with emphasis added):

> **(b) Accidents and convictions.--**[PennDOT] shall file all … abstracts of court records of convictions received by it under the laws of this Commonwealth and maintain actual or facsimile records or make suitable notations in order that the records of each licensee showing convictions of the licensee … shall be available for official use. … [PennDOT] shall maintain records or make notations only for convictions that are relevant to the licensee's operating privilege. … Court abstracts and

---

[6] "'Clear and convincing evidence' is 'evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue.'" Mateskovich v. Dep't of Transp., Bureau of Driver Licensing, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000) (quoting Sharon Steel Corp. v. Workmen's Comp. Appeal Bd. (Myers), 670 A.2d 1194, 1199 (Pa. Cmwlth. 1996)).

certifications of conviction … submitted to [PennDOT] under the laws of this Commonwealth shall be considered as records of [PennDOT], and [PennDOT] may store such documents in accordance with the provisions of 42 Pa.C.S. § 6109 (relating to photographic copies of business and public records) and may enter into evidence copies of such documents in accordance with the provisions of 42 Pa.C.S. § 6103 (relating to proof of official records). Such copies shall be admissible into evidence to support [PennDOT's] case in an appeal of a [PennDOT] action taken under Chapter … 15 (relating to licensing of drivers) … and the certification shall constitute prima facie proof of the facts and information contained in the court abstract or certification of conviction …. These records shall also be made available to the courts for sentencing purposes.

75 Pa. C.S. §1516(b).


In addition, Section 1550(d) of the Vehicle Code states:

**(d) Documentation.--**

(1) In any proceeding under this section, documents received by [PennDOT] from the courts or administrative bodies of other states or the Federal Government shall be admissible into evidence to support [PennDOT's] case. In addition, [PennDOT] may treat the received documents as documents of [PennDOT] and use any of the methods of storage permitted under the provisions of 42 Pa.C.S. § 6109 (relating to photographic copies of business and public records) and may reproduce such documents in accordance with the provisions of 42 Pa.C.S. § 6103 (relating to proof of official records). In addition, if [PennDOT] receives information from courts or administrative bodies of other states or the Federal Government by means of electronic transmission, it may certify that it has received the information by means of electronic transmission

11

and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

(2) In any proceeding under this section, documents received by [PennDOT] from any other court or from an insurance company shall be admissible into evidence to support [PennDOT's] case. In addition, if [PennDOT] receives information from a court by means of electronic transmission or from an insurance company which is complying with its obligation under Subchapter H of Chapter 171 (relating to proof of financial responsibility) by means of electronic transmission, it may certify that it has received the information by means of electronic transmission, and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

75 Pa. C.S. §1550(d).

"Generally, [PennDOT] submits a Conviction Report (DL-21D Form) to meet its burden of proof." Rawson, 99 A.3d at 147 (citing Glidden).

Here, at the hearing before the trial court, PennDOT presented Exhibit C-1, a packet of documents certified by the Acting Secretary of Transportation and signed under seal of the Director, which contained:

[(1)] OFFICIAL NOTICE OF SUSPENSION DATED & MAILED 2/26/15, EFFECTIVE 04/02/15; [(2)] REPORT OF A COURT SHOWING THE CONVICTION OF CERTAIN VIOLATIONS OF THE [DRUG ACT], ELECTRONICALLY TRANSMITTED ON 02/13/15, OF PHILADELPHIA COUNTY, NO. 0013222-2014, DATE OF VIOLATION 10/29/14, AND DATE OF CONVICTION 02/13/15, AND[,] [(3)] DRIVING RECORD WHICH APPEARS IN THE FILE OF THE PETITIONER RICHARD LEON HOLT,

12

OPERATOR'S NO. [########], DATE OF BIRTH [##/##/##], IN THE BUREAU OF LICENSING, HARRISBURG, PENNSYLVANIA.

R.R. at 17a (emphasis added).

As indicated above, where, as here, "[PennDOT] receives information from a court by means of electronic transmission … <u>it may certify that it has received the information by means of electronic transmission, and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission</u>."  75 Pa. C.S. §1550(d)(2) (emphasis added).

Here, Licensee offered no objection to the admission of Exhibit C-1, PennDOT's certified packet of documents, which included the electronically transmitted Conviction Report.  R.R. at 5a.  The Conviction Report revealed that Licensee was convicted in the trial court of violating Section 13(a)(16) of the Drug Act in February 2015 at CP-51-CR-0013222-2014.  R.R. at 22a.  In response, Licensee presented no evidence.  Thus, Licensee did not present evidence challenging the regularity of the records contained in PennDOT's certified Exhibit C-1, showing the records were incorrect, or establishing he was not convicted as described in the records.  As such, there was no clear and convincing evidence that those records were erroneous; therefore, they became conclusive as to Licensee's conviction.  <u>Dick</u>; <u>Diamond</u>.[7]  Consequently, by its express terms, Section

---

[7] Nevertheless, on its own motion, the trial court raised an issue regarding the Conviction Report (DL-21D Form) submitted by PennDOT.  R.R. at 8a.  In particular, the trial court pointed out that the DL-21D Form did not contain a *signature* or certification of the Clerk of Courts, but rather it contained a notation that the DL-21D Form was "ELECTRONICALLY TRANSMITTED" on the signature line for the Clerk of Courts.  R.R. at 22a.
**(Footnote continued on next page…)**

13

1532(c)(1)(i) required PennDOT to suspend Licensee's operating privilege for a period of six months.[8]

_____

**(continued…)**

As indicated above, where, as here, "[PennDOT] receives information from a court by means of electronic transmission … <u>it may certify that it has received the information by means of electronic transmission, and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission</u>." 75 Pa. C.S. §1550(d)(2) (emphasis added). Here, the Director of the Bureau of Driver Licensing certified that PennDOT received Licensee's Conviction Report (DL-21D Form) by means of electronic transmission. R.R. at 17a. That certification was *prima facie* proof of the adjudication and facts contained in the Conviction Report, 75 Pa. C.S. §1550(d)(2), which Licensee did not rebut.

[8] Further, we reject Licensee's reliance on <u>Rawson</u> for the proposition that the Conviction Report had to be certified and authenticated by the Clerk of Courts to constitute proper evidence to meet PennDOT's burden. In particular, <u>Rawson</u> did not address any issue regarding the propriety of the electronic transmission of a Conviction Report electronically received and certified by PennDOT under Section 1550(d)(2) of the Vehicle Code, such as that here. Indeed, in <u>Rawson</u>, "[the licensee] [did] not challenge the certification of the [DL-21D] Conviction Report." <u>Id.</u> at 149.

Also distinguishable is <u>Cotter v. Department of Transportation, Bureau of Driver Licensing</u>, 703 A.2d 1092 (Pa. Cmwlth. 1998), briefly referenced by Licensee. There, this Court held PennDOT's certification of a licensee's conviction was insufficient where no record was produced or attested to as official by the Director, and PennDOT merely sent a blank certification without any indication of what official records were in the Director's custody. In <u>Cotter</u>, we held PennDOT could not have one of its attorneys generate and certify a report of the licensee's conviction in order to satisfy Section 6103 of the Judicial Code, but rather the Director had to make that certification. Here, unlike in <u>Cotter</u>, PennDOT's Exhibit C-1 was certified by the Director in compliance with Section 6103 of the Judicial Code. R.R. at 17a.

Finally, Licensee cites <u>Hoover v. Department of Transportation, Bureau of Driver Licensing</u>, 725 A.2d 1254 (Pa. Cmwlth. 1999), for the proposition that Section 1550(d) of the Vehicle Code only relates to the admissibility of documents received from courts or administrative bodies of other states or the Federal Government. However, <u>Hoover</u>, decided in 1999, did not address Section 1550(d)<u>(2)</u> of the Vehicle Code which was reenacted in 2013 to provide for the admissibility of documents electronically transmitted by "any other court" to PennDOT *in addition to* documents PennDOT receives from courts or administrative bodies of other states or the Federal Government. 75 Pa. C.S. §1550(d)(2).

14

Accordingly, we affirm the trial court's October 2, 2015 order that denied and dismissed Licensee's appeal and reinstated the six-month suspension of Licensee's operating privileges under Section 1532(c)(i) of the Vehicle Code.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Holt,                               :
                   Appellant   :
                            :
          v.                          :   No. 2232 C.D. 2015
                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :

## O R D E R

**AND NOW**, this 13th day of June, 2017, the order of the Court of Common Pleas of Philadelphia County dated October 2, 2015 is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge