Scott J. WIBLE

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.

Decided Jan. 24, 1996.

---

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the September 27, 1994 order of the Court of Common Pleas of Lancaster County (court of common pleas) that sustained Scott J. Wible's (Licensee) appeal of a three-month suspension of his driver's license imposed by DOT pursuant to Section 1786(d) of the Vehicle Code (Code).[1] We reverse.

The relevant facts of this case are as follows. On April 1, 1994, Licensee was cited for operating his motor vehicle while the vehicle was not covered by financial responsibility. 75 Pa.C.S. § 1786(f).[2] On May 17, 1994, DOT sent a notice to Licensee informing him that his vehicle registration was being suspended, effective May 24, 1994, pursuant to Section 1786(d) of the Code, for not having secured the requisite financial responsibility at the time of the cited offense. The notice also informed Licensee that because he was operating the vehicle without the required financial responsibility, his driver's license was being suspended effective the same date. The notice bore a mailing date of May 24, 1994.

On June 24, 1994, Licensee filed a statutory appeal in the court of common pleas challenging only the suspension of his driver's license. Before the court of common pleas, Licensee did not dispute the fact that he was operating his vehicle without the requisite financial responsibility. Instead, Licensee raised only the legal argument that he was being punished twice for the same offense because both his vehicle registration and his driver's license were suspended for his not having the requisite financial responsibility

Timothy P. Wile, Assistant Counsel, Appellate Section, for Appellant.

No appearance entered for Appellee.

1. 75 Pa.C.S. § 1786(d).

2. Section 1786(f) of the Vehicle Code states:

   **Operation of a motor vehicle without required financial responsibility.**—Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

at the time of the citation.[3] The common pleas court agreed and rescinded the driver's license suspension. DOT timely appealed to this Court.

■ On appeal to this Court,[4] DOT raises three issues:[5] (1) whether the Department sustained its burden of proving that a motor vehicle owner operated his registered motor vehicle during a time when that vehicle was not covered by financial responsibility; (2) whether the court of common pleas erred in sustaining Licensee's appeal on the basis that the driver's license suspension imposed pursuant to Section 1786(d) for operation of an uninsured motor vehicle should have been served concurrently with the registration suspension imposed pursuant to the same section of the Code as a result of a lapse of financial responsibility coverage for that vehicle; and (3) whether the court of common pleas erred in sustaining Licensee's appeal of the driver's license suspension on the basis that the driver's license suspension should have been served concurrently with the registration suspension, where Licensee prevented concurrent service by appealing the driver's license suspension but not the registration suspension.

■ Regarding DOT's first issue, it is undisputed that Licensee pled guilty to operating a motor vehicle without the requisite financial responsibility, in violation of Section 1786(f) of the Code. Section 1786(d) of the Code requires DOT to prove that a licensee operated an uninsured vehicle. *Stone v. Department of Transportation, Bureau of Driver Licensing,* 166 Pa.Cmwlth. 643, 647 A.2d 287 (1994). Based on Licensee's plea of guilty and DOT's unobjected to admission of the record of Licensee's plea of guilty to this offense, we conclude that DOT sustained its burden of proof.

75 Pa.C.S. § 1786(f).

**3.** There are specific defenses that a licensee may raise to the suspensions imposed by Section 1786(d) of the Code, but Licensee did not avail himself of these defenses below. See 75 Pa.C.S. § 1786(g).

**4.** By order of this Court, dated July 13, 1995, Licensee was precluded from filing a brief.

■ In its second issue, DOT argues that there is no requirement that the driver's license suspension imposed in this case be served concurrently with a motor vehicle registration suspension imposed pursuant to Section 1786(d) of the Code because they are two separate and distinct punishments for separate and distinct acts. We agree.

When interpreting a statute duly enacted by the General Assembly, we are required to "ascertain and effectuate the intention of the General Assembly. Every statute shall be construed to give effect to all its provisions." Section 1921(a) of the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursing its spirit." 1 Pa.C.S. § 1921(b). Section 1786(d) of the Code provides as follows:

The Department of Transportation *shall* suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter *and shall* suspend the operating privilege of the owner or registrant for a period of three months *if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.*

75 Pa.C.S. § 1786(d) (emphasis added).

Section 1786(d) of the Code clearly states that DOT must suspend a vehicle's registration when a lapse in financial responsibility securing the vehicle occurs. *Department of Transportation, Bureau of Driver Licensing v. Porter,* 157 Pa.Cmwlth. 645, 630 A.2d 945 (1993); 75 Pa.C.S. § 1786(d). Further, Section 1786(d) of the Code is equally clear in its requirement that DOT suspend a licensee's

**5.** In reviewing the decision of a court of common pleas in the area of driver's license suspension, we are "confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion." *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 252, 648 A.2d 285, 292 (1994).

driver's license when DOT determines that a licensee owner/registrant is engaged in or allows the *operation* of a vehicle that is not secured by the requisite financial responsibility. *Stone;* 75 Pa.C.S. § 1786(d). The statute contains no language either requiring or contemplating concurrent service of these suspensions, and this Court will not read such language into the statute.

Therefore, a plain reading of Section 1786(d) of the Code makes clear that the General Assembly intended the statute to address two distinct offenses with two respective punishments. Regardless of the fact that Licensee's vehicle registration was suspended for his failure to have the proper financial responsibility, Licensee committed a separate and distinct offense under the Code by *operating* his vehicle during the period when he did not maintain financial responsibility on that vehicle. Consequently, the court of common pleas erred in sustaining Licensee's appeal of the driver's license suspension.[6]

Based on the foregoing, the order of the Court of Common Pleas of Lancaster County is reversed, and the driver's license suspension reinstated.

### ORDER

**AND NOW,** this 24th day of January, 1996, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is **REVERSED,** and the suspension of Scott J. Wible's driver's license is reinstated.

---

**6.** Based on our disposition of this case, we need not address DOT's final issue.