## Perry v. PennDOT

C.P. of Bradford County, no. 99 DL 000053.

*Robert G. Fleury,* for appellant.
*John V. Rovinsky,* for PennDOT.

MOTT, *J.,* July 16, 1999—The petitioners, Ronald Perry and Linda Perry, have filed this appeal from the orders of the Department of Transportation which suspended the registrations of their vehicles due to an insurance lapse beyond the 30-day grace period. Despite the lack of any ill intent or fault on the part of the petitioners, the law demands that PennDOT's orders be affirmed.

When a lapse in financial responsibility coverage for a motor vehicle is reported to the Department of Transportation, the department *must* suspend that vehicle's registration for three months. 75 Pa.C.S. §1786(d). Binding case law also holds that:

*"There is no requirement that [PennDOT] establish that the person was at fault. . . . Neither is [Penn-DOT] required to prove that the owner or registrant actually received notice of an imminent lapse of insurance."* O'Hara v. PennDOT, 691 A.2d 1001, 1004 (Pa. Commw. 1997) (emphasis in original) (quoting *Stone v. Penn-DOT,* 166 Pa. Commw. 643, 645-46, 647 A.2d 287, 288 (1994)).

Here, testimony was presented by the petitioner, Linda Perry, that the lapse in insurance coverage for the petitioners' vehicles was not their fault. In fact, Mrs. Perry testified that she and Mr. Perry had switched insurance carriers and believed they were covered by the new insurance. She had forwarded premium payments for that coverage to the new insurance company and she had re-

ceived financial responsibility cards back for each of the petitioners' vehicles. However, upon receiving notices from PennDOT that the petitioners' vehicle registrations were to be suspended due to a lapse of insurance, Mrs. Perry discovered that the new carrier had never effectuated a policy on the Perry vehicles. Apparently, the checks Mrs. Perry mailed to the carrier were never received, or if received, never cashed. As a result, for the first time ever, the Perrys had a lapse in insurance coverage.

Mrs. Perry's testimony was clearly credible. In fact, it was uncontradicted at the hearing. As almost anyone would, we have great sympathy for her and her husband's plight. Our duty, however, requires, as it does in every case, that our decision be directed by the law, and not by sympathy. Here, unquestionably, the insurance coverage on the petitioners' vehicles actually lapsed because they canceled the coverage of their old carrier, and the new carrier never commenced coverage, albeit without any fault on the Perry's part. When there is such an actual lapse, PennDOT is required by law to impose the penalty of suspension of the uncovered vehicle's registration. It would be a manifest abuse of discretion for the Court to modify that penalty simply because of a disagreement with it. *Maynard v. PennDOT,* 2 Brad. Cty. L. J. 303, 304 (1998) (citing *PennDOT v. Miller,* 107 Pa. Commw. 458, 460, 528 A.2d 1030, 1031 (1987)). A court may not reverse or modify such a mandatory penalty simply because it believes the penalty is unfair or inequitable. *Id.*

All of the foregoing, however, would not have left the petitioners without a remedy if they had acted expeditiously to properly challenge the lapse in their insurance

coverage. The proper way to make such a challenge is against the insurance company under the Insurance Act. If the petitioners had done so, and prevailed, PennDOT could not suspend their registrations. Not having done so, they cannot challenge the lapse in this proceeding. *O'Hara v. PennDOT, supra* at 1004; *Penn-DOT v. Riley,* 150 Pa. Commw. 259, 615 A.2d 905 (1992), *overruled on other grounds,* 154 Pa. Commw. 118, 623 A.2d 369 (1993).

Finally, we also point out that the petitioners filed a single appeal from both vehicle suspensions. That is improper. When appealing from more than one suspension, a separate appeal must be filed from each. *O'Hara v. PennDOT,* 691 A.2d 1001, 1004 (Pa. Commw. 1997); *Brogan v. PennDOT,* 164 Pa. Commw. 559, 643 A.2d 1126 (1994).

Because of the binding authority applicable to this case, we are compelled to enter the following:

## ORDER

And now, July 16, 1999, in accord with the memorandum opinion filed this date, the appeal from the orders of the Department of Transportation suspending vehicle registrations filed in the above captioned matter is denied and dismissed. Accordingly, those orders are affirmed.