### Phyllis A. CAPONE

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 15, 2005.

Decided June 8, 2005.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Thomas A. Fosnocht, Jr., Phoenixville, for appellee.

BEFORE: FRIEDMAN, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) challenges an order that overturned Phyllis A. Capone's (Licensee) three-month license suspension for permitting the use of her uninsured vehicle. Concluding PennDOT satisfied its burden of proving a *prima facie* violation of Section 1786(d)(1) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(1), and no statutory defense applies, we reverse.

In February 2004, Licensee permitted her son to drive her 1994 Pontiac Sunbird. While driving the vehicle, Licensee's son was involved in a minor accident. In the course of investigating the accident, a police officer requested proof of insurance coverage. However, Licensee's son could not produce the required proof.

Approximately two weeks later, Licensee received a citation for violating Section 1786(f) of the Vehicle Code (owner who permits operation of an uninsured vehicle commits a summary offense and is subject

to a $300 fine). Licensee pled guilty to the summary offense and paid the fine imposed without a court appearance.

PennDOT subsequently suspended Licensee's operating privilege for three months pursuant to Section 1786(d)(1). In its official notice, PennDOT indicated Licensee's suspension resulted from the failure to provide proof of valid insurance. Licensee filed a statutory appeal to the Court of Common Pleas of Chester County (trial court).

At a *de novo* hearing, PennDOT introduced, without objection, a packet of certified documents. The packet included PennDOT's notice of suspension, a conviction detail report documenting Licensee's conviction for violating Section 1786(f), and Licensee's driving history.

In opposition, Licensee argued PennDOT failed to satisfy its burden of proving a *prima facie* violation of Section 1786(d)(1). To support her position, Licensee testified on her own behalf and presented the testimony of her husband. Licensee submitted her insurance card and insurance policy, and testified her insurance card's effective dates were listed as November 18, 2003 through May 18, 2004. She also explained the responsibility for paying the premiums rested with her husband, and, as such, she was unaware of a lapse in coverage before receiving the citation.

The husband testified he was responsible for paying the insurance premiums on Licensee's Pontiac Sunbird. He made changes to the bank account from which the premiums were automatically withdrawn, and his changes caused the account to be overdrawn. As a result, there were insufficient funds to the cover the monthly payment. In addition, the insurance company never informed him of the non-payment of premiums, and he never received a notice from the insurance company canceling the policy. Thus, he was unaware of a lapse in insurance coverage, and, in turn, he never informed Licensee of the lapse.

 In its opinion, the trial court noted PennDOT's packet of certified documents did not include a notice from Licensee's insurance company indicating a lapse in coverage. In addition, the trial court credited the testimony of Licensee and Licensee's husband. Reproduced Record (R.R.) at 81a. The trial court also determined Licensee's insurance card and policy demonstrated the Pontiac Sunbird was insured on the date of the accident. As such, the trial court concluded,

> This evidence suggests PennDOT failed to meet its burden of proving [Licensee] was uninsured at the time of her citation to warrant a three month suspension of her operating privileges under 75 Pa. C.S. § 1786. Alternatively, [Licensee] rebutted the presumption she was uninsured on February 28, 2004[,] by establishing to our satisfaction that she was insured.

Tr. Ct. Slip Op. at 2–3. Thus, the trial court sustained Licensee's appeal and reinstated her operating privilege. PennDOT appealed to this Court.[1]

 On appeal, PennDOT first argues the trial court erred in determining it failed to satisfy its burden of proving a *prima facie* violation of Section 1786(d)(1). We agree.

---

1. Our review of a trial court's order sustaining a licensee's statutory appeal from an operating privilege suspension is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact are supported by substantial evidence. *Richards v. Dep't of Transp., Bureau of Driver Licensing,* 767 A.2d 1133 (Pa.Cmwlth.2001).

Section 1786(a) provides, "every motor vehicle of the type required to be registered ... which is operated or currently registered shall be covered by financial responsibility." 75 Pa. C.S. § 1786(a). Further, Section 1786(d)(1) directs "[Penn-DOT] ... shall suspend the operating privilege of the owner or registrant for a period of there months if [PennDOT] determines that the owner or registrant operated or *permitted the operation of the vehicle without the required financial responsibility.*" 75 Pa. C.S. § 1786(d)(1) (emphasis added).

■ In addition, as previously noted, operation of a motor vehicle without the required financial responsibility subjects the vehicle's owner to penalties for a summary offense. Section 1786(f). Where a licensee pleads guilty to the summary offense and does not object to the admission of the guilty plea at the suspension hearing, PennDOT satisfies its burden of proof to support a license suspension under the separate suspension provisions of Section 1786(d)(1). *Fine v. Dep't of Transp., Bureau of Driver Licensing,* 694 A.2d 364 (Pa.Cmwlth.1997); *Wible v. Dep't of Transp., Bureau of Driver Licensing,* 670 A.2d 744 (Pa.Cmwlth.1996).[2]

Here, the trial court determined Penn-DOT failed to satisfy its burden of proving a *prima facie* violation of the suspension provisions of Section 1786(d)(1). Contrary to this determination, however, PennDOT introduced, without objection, a certified copy of a report detailing Licensee's guilty plea and conviction under the summary offense provisions of Section 1786(f). R.R. at 17a. As this evidence is sufficient to satisfy PennDOT's burden under the suspension provisions, *Fine; Wible,* the trial court erred in determining PennDOT failed to establish a *prima facie* violation.

■ Next, PennDOT argues the trial court's determination that Licensee presented "clear and convincing evidence" to prove she maintained insurance on her Pontiac Sunbird on the date of her son's accident is not supported by substantial evidence. Again, we agree.

Once PennDOT satisfies its burden of proving a *prima facie* violation, the burden shifts to the licensee to prove, by "clear and convincing evidence," the vehicle was insured at the time it was driven. 75 Pa.C.S. § 1786(d)(4)(ii); *Eckenrode v. Dep't of Transp., Bureau of Driver Licensing,* 853 A.2d 1141 (Pa.Cmwlth.2004). "Clear and convincing evidence" is defined as "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing,* 755 A.2d 100, 102 n. 6 (Pa. Cmwlth.2000).

Here, the trial court determined Licensee presented sufficient evidence to prove her Pontiac Sunbird was insured on the day in question. In making this determination, the trial court relied on Licensee's insurance identification card and insurance policy, which were admitted into evidence. R.R. at 93a–95a. However, the trial court erred in relying on these documents.

■ First, the production of a financial responsibility insurance card is insufficient to prove coverage on a particular date.

---

**2.** Since our decisions in *Fine* and *Wible,* the General Assembly amended Section 1786 by Act 152, Act of December 9, 2002, P.L. 1278. While Act 152 instituted significant changes to Section 1786, it did not alter the elements required to support a license suspension in Section 1786(d)(1). Moreover, Act 152 did not modify the summary offense provisions of Section 1786(f). Because the provisions for suspension and for summary offense are unchanged by Act 152, the prior case law remains controlling here.

*Dubolino v. Dep't of Transp., Bureau of Driver Licensing,* 816 A.2d 1200 (Pa. Cmwlth.2002), citing *Jennings v. Dep't of Transp., Bureau of Driver Licensing,* 715 A.2d 552 (Pa.Cmwlth.1998). In *Jennings,* we explained,

> The mere failure to produce proof of insurance does not establish that the person lacked insurance any more than the production of an insurance card will prove that the person had insurance. For example, an insurance company will send a 'proof of insurance' card to the policyholder when the policy takes effect. This card covers the entire policy period, typically six months or one year. However, if the insurance is cancelled or terminated prior to the end of the policy period, a vehicle owner would still have this proof of insurance card indicating that he or she has insurance, when, in fact, that is no longer the case.

*Id.* at 555 n. 6.

Here, the trial court credited Licensee's insurance card as proof her car was insured on the day in question. As Licensee's insurance card is insufficient to prove coverage, the trial court erred in relying on this evidence to support its determination. *Jennings.*[3]

Further, the insurance policy Licensee submitted indicates an effective policy period of May 18 to November 18, 2004. R.R. at 94a. As this policy period does not encompass the February 2004 date at issue, the record lacks evidence to show Licensee maintained the required insurance. Moreover, Licensee's admissions and her husband's testimony establish her vehicle lacked insurance on the date of her son's accident. R.R. at 40a–41a, 46a.

Consequently, the trial court's determination that Licensee maintained insurance coverage on her Pontiac Sunbird on the date of her son's accident is not supported by substantial evidence. Therefore, the trial court erred in determining Licensee successfully rebutted PennDOT's *prima facie* evidence of a Section 1786(d)(1) violation.

Advancing an inconsistent contention that concedes insurance coverage lapsed, Licensee argues Section 1786(e)(4) constitutes a statutory defense that prohibits PennDOT from suspending her operating privilege under Section 1786(d)(1).[4] We disagree.

Section 1786(e)(4) provides, in its entirety:

**(e) *Obligations* upon lapse, termination or cancellation of financial responsibility.—**

\* \* \*

(4) *A person* who, after maintaining financial responsibility on the vehicle of *another person,* ceases to maintain such financial responsibility *shall immediately notify the vehicle owner* who shall not operate, or permit the operation of, the vehicle in this Commonwealth.

---

**3.** The insurance card relied on by the trial court indicates insurance coverage for a 1992 Volvo 240, not a Pontiac Sunbird. R.R. at 93a. The trial court admitted Licensee's insurance card recognizing the card covered a different car than the one at issue. In so doing, the trial court directed the record remain open for one week so Licensee could produce the insurance card covering her Pontiac Sunbird. Although not in the certified record, the parties act as though a proper supplementation was made. Therefore, we will not resolve this contention on the basis of the vehicle identified; rather, we resolve this contention on the basis of the legal insufficiency of the document. *Jennings.*

**4.** Licensee preserved this issue before the trial court. Because the trial court found insurance coverage existed, it did not address the inconsistent argument that a defense arises from the manner of lapse.

75 Pa.C.S. § 1786(e)(4) (emphasis added). Assuming for present purposes only that this provision applies among family members such as a husband and wife, we must determine its effect.

In interpreting this statute, we are mindful our objective is to ascertain and effectuate the intent of the legislature. 1 Pa.C.S. § 1921(a). Generally speaking, the best indication of legislative intent is the plain language of the statute. *The Johnstown Tribune Publ'g Co. v. Ross*, 871 A.2d 324 (Pa.Cmwlth.2005). When the words of a statute are free and clear from all ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

When ascertaining the Legislature's intent, words and phrases are construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). Additionally, section headings and titles may be used as an aid in construction. *Pantuso Motors, Inc. v. Corestates Bank, N.A.*, 568 Pa. 601, 798 A.2d 1277 (2002).

Here, the plain language of Section 1786(e)(4) obligates an individual who maintains insurance on a vehicle owned by another to inform the owner of any lapse, termination or cancellation of coverage. Notably absent, however, is any reference to PennDOT, or any language altering PennDOT's responsibility of suspending an owner's operating privilege under Section 1786(d)(1). Thus, the plain language of the statute does not establish a statutory defense.

Resort to statutory construction results in the same conclusion. The General Assembly placed this provision under the title "Obligations upon lapse, termination or cancellation of financial responsibility," not under the title "Defenses" found elsewhere. *Pantuso Motors, Inc.* This suggests the General Assembly's intention

that the provision not act as a statutory defense.

Accordingly, the trial court's order is reversed.

### ORDER

AND NOW, this 8th day of June, 2005, the order of the Court of Common Pleas of Chester County is hereby REVERSED. The three-month suspension of Phyllis A. Capone's operating privilege, imposed by the Pennsylvania Department of Transportation, Bureau of Driver Licensing, is reinstated.