IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Heather Vollman | : | |
| | : | |
| v. | : | No. 1663 C.D. 2015 |
| | : | Submitted: June 3, 2016 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | |
| Appellant | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: September 12, 2016

The Department of Transportation, Bureau of Motor Vehicles (PennDOT), appeals an order of the Court of Common Pleas of Lackawanna County (trial court) that sustained Heather Vollman's appeal of PennDOT's three-month suspension of her vehicle registration. At issue is whether Vollman presented clear and convincing evidence that she maintained automobile insurance on her vehicle as required by the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S. §§1701-1799.7. We reverse.

Vollman is the registered owner of a 2005 Suzuki sedan that was insured by Permanent General Assurance Company (Insurer). On March 13, 2015, Insurer terminated Vollman's policy due to nonpayment of premium. Insurer electronically reported the termination to PennDOT as required by Section 1786(e)(3) of the MVFRL[1] and 67 Pa. Code §221.3(a).[2] On March 19, 2015,

---

[1]  Section 1786(e)(3) states:
**(Footnote continued on the next page . . .)**

PennDOT notified Vollman that it had received a notice from Insurer that Vollman's insurance was cancelled on March 13, 2015. On May 5, 2015, PennDOT notified Vollman that the Suzuki's registration would be suspended for three months effective June 9, 2015. On June 3, 2015, Vollman filed a timely statutory appeal to the trial court.

The trial court held a *de novo* hearing on August 19, 2015. PennDOT's counsel entered the registration record into evidence, which included: (1) the official suspension notice dated May 5, 2015; (2) PennDOT's record of the electronic communication from Insurer regarding the termination of Vollman's vehicle insurance; (3) a form titled "Vehicle Inquiry Detail" showing that Vollman is the registered owner of the 2005 Suzuki; (4) PennDOT's March 19, 2015, letter to Vollman informing her that it had received the cancellation notice from Insurer;

---

**(continued . . .)**

> An insurer who has issued a contract of motor vehicle liability insurance and knows or has reason to believe that the contract is only for the purpose of providing proof of financial responsibility shall notify the department if the insurance has been canceled or terminated by the insured or by the insurer. The insurer shall notify the department not later than ten days following the effective date of the cancellation or termination.

75 Pa. C.S. §1786(e)(3).

[2] Section 221.3(a) provides:

> An insurer who has issued a contract of motor vehicle liability insurance and knows or has reason to believe that the contract is for the purpose of providing financial responsibility, shall immediately notify the Department if the insurance has been cancelled or terminated by the insured or by the insurer. The insurer shall notify the Department not later than 10 days following the effective date of the cancellation or termination. This requirement shall not apply to a policy which has been in effect for more than 6 months from the date the policy was initially issued.

67 Pa. Code §221.3(a).

and (5) a Certification Statement attesting that the above-listed documents were true copies of those in PennDOT's files.

When Vollman did not appear for the hearing at the scheduled time, the trial court denied her appeal. Reproduced Record at 15a, 17a (R.R. __). However, when Vollman appeared later that day, the trial court convened the hearing without the presence of PennDOT's counsel. Vollman entered the following into evidence: (1) an insurance identification card issued by Insurer for the period from February 4, 2015, to February 4, 2016, and (2) an insurance identification card issued by State Farm Fire and Casualty Company (State Farm) effective from April 14, 2015, to June 12, 2015. R.R. 27a-29a. The trial court sustained Vollman's appeal, stating: "[s]ince Petitioner appeared in open court later the same day with documents establishing the reinstatement of auto insurance, the foregoing order [of denial] was not filed." R.R. 17a, 30a. PennDOT now appeals.

On appeal,[3] PennDOT argues that the trial court erred in finding that Vollman offered clear and convincing evidence that she maintained financial responsibility on her 2005 Suzuki as required by the MVFRL. We agree.

We begin with a review of the law regarding suspension of a vehicle's registration for failure to maintain financial responsibility coverage. Under Section 1786(d)(1) of the MVFRL, PennDOT

---

[3] In reviewing the grant of a statutory appeal of a vehicular registration suspension, this Court must determine whether the necessary findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Deklinski v. Department of Transportation, Bureau of Driver Licensing*, 938 A.2d 1191, 1194 n.5 (Pa. Cmwlth. 2007).

shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted operation of the vehicle without the required financial responsibility.

75 Pa. C.S. §1786(d)(1). To meet this burden, PennDOT must show that: (1) the vehicle is the type required to be registered, and (2) PennDOT received notice of a lapse in financial responsibility coverage for the vehicle. 75 Pa. C.S. §1786(d)(3)(i), (ii). PennDOT may satisfy its burden with evidence that it received an electronic transmission from an insurance company stating that a registrant's policy has been terminated. 75 Pa. C.S. §1377(b). Here, the trial court found that PennDOT "presented documentary evidence of the termination of liability insurance coverage on the petitioner's vehicle." R.R. 17a. Through the documentary evidence provided, PennDOT established a *prima facie* case.

Once PennDOT establishes a *prima facie* case, the vehicle owner must prove that she continuously maintained financial responsibility on the vehicle as required by Section 1786(a) of the MVFRL, 75 Pa. C.S. §1786(a).[4] Alternatively, she must prove that her vehicle fits within one of the three statutorily defined exceptions set forth in Section 1786(d)(2) of the MVFRL, 75 Pa. C.S. §1786(d)(2).[5] The owner must establish her case with clear and convincing

---

[4] It states:

> Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

75 Pa. C.S. §1786(a).

[5] The relevant exception in this case states that PennDOT shall not suspend the registration of a vehicle where

**(Footnote continued on the next page . . .)**

evidence, which is defined as evidence "'that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.'" *Fell v. Department of Transportation, Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa. Cmwlth. 2007) (quoting *Fagan v. Department of Transportation, Bureau of Motor Vehicles*, 875 A.2d 1195, 1199 (Pa. Cmwlth. 2005)).

PennDOT argues that the trial court erred in holding that Vollman presented clear and convincing evidence that the policy issued by Insurer did not lapse. PennDOT contends that Vollman's insurance identification cards issued by Insurer and State Farm do not constitute clear and convincing evidence of insurance coverage. We agree.

Under the Insurance Department's regulations, an automobile insurer issues an identification card at the inception or renewal of a policy. 31 Pa. Code §67.23. The identification card does not, in itself, prove financial responsibility "on a particular date because if insurance coverage is cancelled or terminated, the policyholder would still have the proof of insurance card indicating that he or she had insurance during the entire policy period." *Fell*, 925 A.2d at 239 (citing *Capone v. Department of Transportation, Bureau of Driver Licensing*, 875 A.2d 1228, 1231-32 (Pa. Cmwlth. 2005)).

---

**(continued . . .)**

> [t]he owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa. C.S. §1786(d)(2)(i). There are additional exceptions for members of the armed services and seasonal vehicle registrations that are not applicable here. *See* 75 Pa. C.S. §1786(d)(2)(ii), (iii).

5

Here, Vollman received an identification card from Insurer stating that coverage was effective from February 4, 2015, to February 4, 2016; however, the card was only valid while the policy was in force. PennDOT's evidence established that Insurer terminated Vollman's policy on March 13, 2015, due to non-payment of premium. Her mere possession of the insurance identification card issued by Insurer, without more, was insufficient to prove there was no lapse in coverage. The trial court erred in finding this evidence sufficient.

We next consider the insurance identification card issued by State Farm and whether it qualified the vehicle for the statutory exception to suspension in Section 1786(d)(2)(i) of the MVFRL. That exception applies where "the owner or registrant proves to the satisfaction of [PennDOT] that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa. C.S. §1786(d)(2)(i). Vollman failed to satisfy either requirement to qualify for the exception.

First, Vollman's insurance policy with Insurer was terminated on March 13, 2015. State Farm issued a new policy on April 14, 2015, which was 32 days later. Because the lapse in coverage was not for a period of less than 31 days, Vollman could not qualify for the statutory exception. Second, Vollman did not offer any evidence that she did not operate or allow the vehicle to be operated during the lapse period. Therefore, Vollman failed to satisfy the second requirement of Section 1786(d)(2)(i).

For all of the foregoing reasons, the trial court's order is reversed.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Heather Vollman | : | |
| | : | |
| v. | : | No. 1663 C.D. 2015 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 12th day of September, 2016, the order of the Court of Common Pleas of Lackawanna County dated August 19, 2015, in the above-captioned matter is REVERSED.

_____
MARY HANNAH LEAVITT, President Judge