# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Charles Sutton         :
         :
       v.        :  No. 614 C.D. 2016
         :  Submitted:  August 19, 2016
Commonwealth of Pennsylvania,    :
Department of Transportation,    :
Bureau of Driver Licensing,    :
       Appellant   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE JOSEPH M. COSGROVE, Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**[1]        **FILED:  June 27, 2017**

The Commonwealth of Pennsylvania (Commonwealth), Department of Transportation (Department), Bureau of Driver Licensing (Bureau), appeals from the March 17, 2016 Order of the Court of Common Pleas of Fayette County (trial court), which sustained the statutory appeal of Elmer Charles Sutton (Sutton) from a three-month suspension of his operating privilege imposed by the Bureau pursuant to Section 1786(d)(1) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S. § 1786(d)(1).[2]

---

[1] This opinion was reassigned to the author on February 6, 2017.

[2] Section 1786(d)(1) provides, in pertinent part:

**(Footnote continued on next page…)**

On September 5, 2015, Pennsylvania State Police stopped Sutton in North Union Township, Fayette County, and issued a traffic citation for operating a motor vehicle without the required financial responsibility in violation of 75 Pa. C.S. § 1786(f).[3] (R.R. at 35a.) On November 18, 2015, a magisterial district judge (MDJ) found Sutton guilty of the summary offense of operating a motor vehicle without the required financial responsibility. (Id. at 37a.) On December 17, 2015, Sutton appealed that conviction. (Id.)

In the interim, the Department was notified of the conviction and issued a notice to Sutton on November 26, 2015, advising him that his driving privilege would be suspended effective December 31, 2015, because he failed to produce proof of financial responsibility on the date of the traffic stop. (Id. at 32a.) On

_____

**(continued…)**

> The [Department] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the [D]epartment determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. § 1786(d)(1).

[3] Section 1786(f) provides:

> Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa. C.S. § 1786(f).

2

December 16, 2015, Sutton filed a statutory appeal of the suspension of his operating privilege. (Id. at 4a.)

A hearing on the suspension was held on February 17, 2016, at which time counsel for the Department proffered as evidence certified records of the suspension notice to Sutton, the traffic citation, and the MDJ conviction. (Id. at 16a.) Sutton's counsel objected to the admission of the documents on the grounds that the underlying conviction had been appealed, and said appeal was still pending,[4] therefore rendering the documents irrelevant. (Id. at 17a.) The trial court took the matter of the admissibility of the certified documents under advisement to consider the parties' arguments. (Id. at 28a.) No other evidence was offered. (Id.)

On March 17, 2016, the trial court issued an Order granting Sutton's appeal, vacating the Department's suspension of operating privileges and ordering same be restored and reinstated. (3/17/16 Trial Ct. Order, R.R. at 70a.) In an accompanying opinion, the trial court stated that Sutton's objection to the admissibility of the certified records foreclosed the Department from relying solely on the certified records to establish its *prima facie* case. (Trial Ct. Op. at 2-3, R.R. at 68a-69a.) The trial court distinguished Capone v. Department of Transportation, Bureau of Driver Licensing, 875 A.2d 1228 (Pa. Cmwlth. 2005), and Wible v. Department of Transportation, Bureau of Driver Licensing, 670 A.2d 744 (Pa. Cmwlth. 1996), stating that "there exists a reasonable inference that [the Department] only satisfied its burden in those cases due to the failure to object to the admission of the [certified documents.]" (Trial Ct. Op. at 3, R.R. at 69a.)

---

[4] A hearing on the appeal of the underlying conviction was scheduled for February 24, 2016. (R.R. at 18a.)

3

On April 15, 2016, the Department filed a timely appeal to this Court.[5] (R.R. at 72a.) It argues the trial court abused its discretion and erred as a matter of law in sustaining Sutton's objection to the admission of the certified documents showing his conviction.[6] Specifically, it contends that certified records reflecting a conviction serve as *prima facie* evidence of its case, and Sutton's appeal of that conviction, which was still pending at the time of the suspension hearing, had no effect on the validity of that conviction.

In order to sustain a suspension of a licensee's operating privilege under Section 1786(d) of the MVFRL, the Department must prove: (1) the vehicle was required to be registered in the Commonwealth; (2) financial responsibility coverage for the vehicle was not secured or maintained; and (3) the licensee operated or permitted the operation of the vehicle while it was not covered by financial responsibility. Cangemi v. Dep't of Transp., Bureau of Driver Licensing, 8 A.3d 393, 397 (Pa. Cmwlth. 2010). Submission of a certified packet, which includes the licensee's conviction of the summary offense, satisfies the Department's *prima facie* burden. Id.; see also Parnell v. Dep't of Transp., Bureau of Driver Licensing, 90 A.3d 840, 844 (Pa. Cmwlth. 2014).

In sustaining Sutton's appeal, the trial court cites to Capone for support that an objection to the admission of certified documents is sufficient to preclude the Department from relying upon same to satisfy its burden. In Capone, the Department suspended the operating privilege of the licensee after she pled guilty

---

[5] Our review of a trial court's order sustaining a licensee's statutory appeal from an operating privilege suspension is limited to determining whether the trial court committed an error of law or abused its discretion. Capone, 875 A.2d at 1230 n.1.

[6] Sutton did not file a brief as directed by this Court's July 5, 2016 Order, and pursuant to this Court's Order dated August 12, 2016, is precluded from doing so.

4

to allowing her son to operate her uninsured vehicle, which was involved in an accident. 875 A.2d at 1229-30. At the suspension hearing, the Department introduced, without objection, a packet of certified documents, which included copies of the notice of suspension, conviction detail report documenting the guilty plea, and licensee's driving history. Id. at 1230. In opposition, the licensee and her husband testified that they were unaware that their insurance policy had lapsed after payment of the premium was returned for insufficient funds, and introduced a copy of an insurance card and policy. Id. The trial court noted that the Department's packet did not include a notice from the insurance company evidencing a lapse in coverage and credited the testimony of licensee and her husband. Id. It also determined the insurance card and policy demonstrated the vehicle was insured. Id. It concluded that the Department did not meet its burden or, alternatively, that licensee rebutted the presumption she was uninsured. Id.

The Department appealed arguing the trial court erred in determining it did not establish a *prima facie* case because it introduced the certified records. Our Court agreed and reversed the trial court. In doing so, we stated: "Where a licensee pleads guilty to the summary offense and does not object to the admission of the guilty plea at the suspension hearing, [the Department] satisfies its burden of proof . . . ." Id. at 1231 (citing Fine v. Dep't of Transp., Bureau of Driver Licensing, 694 A.2d 364 (Pa. Cmwlth. 1997) and Wible, 670 A.2d at 746). We further concluded the trial court erred in relying on the insurance card and policy, as neither was clear and convincing evidence that the coverage was in effect on the date of the accident. Id. at 1232. Therefore, the licensee did not sufficiently rebut the evidence. Id.

5

Capone cited Wible and Fine for the proposition that an objection bars the Department from satisfying its *prima facie* case with the mere introduction of certified documents. In Wible, the licensee was cited for operating a vehicle without financial responsibility, and the Department suspended his operating privilege. 670 A.2d at 745. On appeal to the trial court, the licensee did not dispute he was operating without the requisite financial responsibility but argued he was being punished twice for the same offense because both his vehicle registration and operating privilege were suspended. Id. at 745-46. The trial court agreed and rescinded the suspension. Id. at 746. The Department appealed, arguing that it sustained its burden of proof and the trial court erred in finding the suspensions should have run concurrently. Id. As to the first issue, we stated, "[b]ased on [l]icensee's plea of guilty and [the Department's] unobjected to admission of the record of [his] plea of guilty to this offense, we conclude that [the Department] sustained its burden." Id. at 746. The remainder of the opinion is devoted to addressing the concurrence issue. Id. at 746-47.

In Fine, the licensee's operating privilege was suspended after he was convicted of operating a vehicle without the required financial responsibility. 694 A.2d at 366. At his suspension hearing, the Department offered a certified copy of the conviction record from the district justice, and licensee objected, offering a copy of a court of common pleas order adjudging him not guilty of the offense after a *de novo* hearing. Id. The trial court found the Department met its *prima facie* case, which licensee appealed. Id. On appeal, we stated:

> Although *[the Department's] initial submission of its records may have met its burden to establish a conviction*, it is a rebuttable presumption; [l]icensee's submission of a certified copy of the appeal is sufficiently clear and convincing to rebut the presumption of a conviction. Unlike in Wible, in this case, the plea before the district

6

justice was overturned on appeal, and the record of the plea was objected to by the [l]icensee. Accordingly, *[the Department] did not meet its ultimate burden of proof* because the presumption of a conviction was sufficiently rebutted by the record of the not guilty judgment in the Court of Common Pleas of Allegheny County.

Id. at 367 (internal citations omitted) (emphasis added). We explained that "like a licensee attempting to argue that he was not properly convicted of an underlying offense as the basis of a suspension, [the Department] cannot collaterally attack the Court of Common Pleas of Allegheny County's judgment of not guilty." Id.

Here, the trial court singles out statements made in Capone and Wible to conclude that the certified records are only admissible if no objection is lodged. (Trial Ct. Op. at 3, R.R. at 69a.) However, Fine demonstrates that an objection to such evidence does not prevent the Department from satisfying its *prima facie* case. We found the certified records were sufficient to meet its initial burden, even over licensee's objection. Fine, 694 A.2d at 367. The objection simply preserved licensee's right to challenge this evidence by presenting rebuttal evidence showing the conviction had already been overturned. Once successfully rebutted, the Department could no longer rely on the certified documents and had to produce independent evidence to support its suspension. Without such evidence, the Department did not satisfy its ultimate burden of proof.

In addition, various sections of the Vehicle Code, 75 Pa. C.S. §§ 101-9805, specifically endorse the use of certified records, serving as further evidence that lack of an objection is not a prerequisite to admissibility. For instance, Section 1516(b) provides, in pertinent part:

> Court abstracts and certifications of conviction and accident reports submitted to the [D]epartment under the laws of this Commonwealth shall be considered as records of the [D]epartment . . . . Such copies shall be admissible into evidence to support the [D]epartment's case in an appeal of a [D]epartment action taken under Chapter . . . 15

7

(relating to licensing of drivers) . . . , and the certification shall constitute *prima facie* proof of the facts and information contained in the court abstract or certification of conviction . . . .

75 Pa. C.S. § 1516(b). In addition, Section 1550(d)(2) provides, in pertinent part:

In any proceeding under this section, documents received by the [D]epartment from any other court . . . shall be admissible into evidence to support the [D]epartment's case. In addition, if the [D]epartment receives information from a court by means of electronic transmission . . . , it may certify that it has received the information by means of electronic transmission, and that certification shall be *prima facie* proof of the adjudication and facts contained in such an electronic transmission.

75 Pa. C.S. § 1550(d)(2).

Here, at the time of his suspension hearing, Sutton's appeal of the summary offense was still pending. The underlying conviction was valid and binding and remains so until it is overturned. See, e.g., Dep't of Transp., Bureau of Driver Licensing v. Zavodsky, 637 A.2d 673, 676 (Pa. Cmwlth. 1994) (finding licensee's pending criminal appeal was irrelevant to the matter of imposing civil penalties); Budjnoski v. Dep't of Transp., Bureau of Traffic Safety, 566 A.2d 936, 937 (Pa. Cmwlth. 1989) (holding the Department may impose administrative penalties despite the fact that an appeal from the underlying criminal conviction is pending). This result is not altered by the fact that this case involved an appeal from an MDJ subject to *de novo* review. See Zavodsky, 637 A.2d at 676 ("The fact that the driver here appealed from a conviction by a district justice, which allows the trial court to conduct a full *de novo* review, does not distinguish this case from [Commonwealth v.] Wolf [632 A.2d 864 (Pa. 1993)] and Budjnoski. A conviction is a conviction no matter from which court it issues.").

Here, the Department satisfied its *prima facie* case upon introduction of the certified records. This does not mean the records are conclusive evidence that

Sutton violated the MVFRL. Their introduction into evidence merely created a rebuttable presumption, and Sutton was free to introduce clear and convincing evidence to the contrary. <u>Fine</u>, 694 A.2d at 367. Sutton presented no evidence.

Based upon the foregoing, we must conclude that the trial court abused its discretion and erred as a matter of law in sustaining Sutton's objection to the admission of the certified documents showing his conviction. Accordingly, we must reverse the Order of the trial court.

 

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

 

Judge Cosgrove dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Charles Sutton           :
                                         :
                 v.                     :     No. 614 C.D. 2016
                                         :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                  Appellant   :

## O R D E R

      **NOW**, June 27, 2017, the Order of the Court of Common Pleas of Fayette County, in the above-captioned matter, is **REVERSED**.

_____
**RENÉE COHN JUBELIRER,** Judge